[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON TWO MOTIONS SUBMITTED BY DEFENDANT
In this post judgment matter, defendant father has filed two motions for consideration by the court:
(1) A Motion to Set Conditions of Visitation and (2) a Motion to Refer to Family Relations for a Mediation/Custody Evaluation. A brief recitation of the facts leading to the filing of these motions is in order.
On March 24, 2000, the date on which the marriage of the parties was dissolved, the parties stipulated and the court ordered with regard to defendant's visitation with his three year old son that "the father shall have parenting access with the minor child from 7:00 a.m. to 5:30 p.m. provided he gives advanced notice to the wife as set forth herein. The father shall provide to the mother at least fifteen (15) hours advanced notice of his desire to exercise his parenting time outside those periods specifically set forth herein." Since that date several incidents have occurred, all of which precipitated the filing of plaintiff's motion, and each of which will now be discussed in detail.
Motion to Set Conditions of Visitation
Defendant father made it clear to the court that for him to give fifteen hours advance notice to plaintiff of his intention to have his CT Page 12000 son starting at 7:00 a.m. the following day, it would be necessary to advise plaintiff no later than 4:00 p.m. He testified that his work day does not end until 5:00 p.m. and that officially he would not be certain of his status the following day until that time. At any rate there is evidence that on at least one occasion defendant called plaintiff at 5:00 p.m. only to be denied visitation the following day because he was one hour late in her notice. On other occasions later in the evening he had been denied similar requests.
Plaintiff's position on this issue was that later calls interrupted the child's sleeping hours as well as arrangements she had made with her parents for the care of the child the following day.
This court finds that a modification of the original order is needed, but notes its surprise and disappointment that so obvious a necessity could not be resolved by the parties without resort to the court. "O tempora, o mores." The order of March 24, 2000 insofar as it relates to this issue is modified to read as follows:
1. The father shall have parenting access time on alternate weekends from Friday at 5:30 p.m. until Sunday at 6:00 p.m., Tuesday from 5:30 p.m. — 8:00 p.m. and Thursday (mother's day off from work) from 5:00 p.m. — 8:00 p.m.
2. When the father's day off from work coincides with the Mother's workdays, the father shall have parenting access with the minor child from 7:00 a.m. to 5:30 p.m., except for Tuesdays when access time shall be 7:00 a.m. — 8:00 p.m. This provision shall be strictly adhered to as long as the father gives 12 hours notice to the mother. A previously scheduled activity or medical appointment for the child shall not be a reason for denying access to the father, unless the mother provides the father with a reasonable explanation to which he agrees. The father shall have the option of transporting the child to and from the activity or the appointment.
Motion to Refer to Family Relations for a Mediation/Custody Evaluation
In argument on this issue plaintiff expressed an unwillingness to leave the minor child with defendant's mother. There was no other evidence on the issue, but overall this court concludes that such a referral would be beneficial to all parties. The motion is granted.
John D. Brennan Judge Trial Referee